IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL TILLI, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 14-7395 |
| | : | |
| v. | : | |
| | : | |
| LEHIGH COUNTY HOUSING | : | |
| AUTHORITY, | : | |
| | : | |
| Defendant. | : | |

## <u>MEMORANDUM OPINION</u>

Smith, J.                                                                                    December 7, 2015

Giving great deference to both the plaintiff's *pro se* status and his unfortunate living situation, the court has, time and again, employed various procedures to aid the plaintiff in articulating and supporting the relevant facts of his case so that his claims could be adjudicated on the merits.  From allowing the plaintiff to file an amended complaint, to providing him with contact information for local legal service organizations, to rescheduling court proceedings (and to even providing him with copies of particular procedural rules when necessary), the court has strived to ensure that this case would not rise or fall on a technical mishap.  Anticipating summary judgment practice, the court has also reminded the plaintiff of his need to develop *evidence* to support his allegations.  There is perhaps no clearer manifestation of this reminder than the detailed instructions for responding to a motion for summary judgment contained in the court's November 10, 2015 order.  Doc. No. 53.

Cross-motions for summary judgment are now pending before the court.  The plaintiff's motion is devoid of any evidentiary support and indeed states that "[t]he facts herein are true and must be accepted as true by this court . . . witnesses are not necessary."  Pl.'s Dispositive Mots.

at 3, Doc. No. 50.  Unfortunately for the plaintiff, this will not do.  Summary judgment is about evidence, not allegations.  This omission is especially unfortunate given that the plaintiff would have the burden of persuasion with respect to proving his federal claims at trial.  Accordingly, and because he has not provided evidentiary support that would allow a reasonable jury to find in his favor, the court denies his motion for summary judgment.

Turning to the defendant's motion for summary judgment, it has offered an affidavit from Corinne MaDouse stating that the sole reason for the plaintiff's eviction was his failure to comply with the terms of the controlling lease.  *See* Def.'s Mot. for Summ. J. at Ex. C., Doc. No. 51.  Despite being provided with detailed instructions on responding to a motion for summary judgment, the plaintiff has unfortunately failed to contest this fact with any type of evidentiary support.  Indeed, and as previously stated, the plaintiff has simply failed to offer evidence of any kind that would allow a reasonable jury to find in his favor.  Accordingly, the court grants the defendant's motion for summary judgment.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.